**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT I. TANNER, | : | **Hon. Freda L. Wolfson** |
|  | : |  |
| Plaintiff, | : | Civil No. 08-5253 (FLW) |
| v. | : |  |
|  | : |  |
| JOSEPH J. BENEDICT, ESQ., | : | **OPINION** |
| MIDDLESEX COUNTY, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**APPEARANCES**:

> ROBERT I. TANNER, #482245/196020B, <u>Pro Se</u>
> Southern State Correctional Facility
> P.O. Box 150
> Delmont, NJ  08314

<u>**WOLFSON**</u>, District Judge

Plaintiff Robert I, Tanner, a prisoner at Southern State Correctional Facility, filed a paid Complaint seeking redress against the Middlesex County Court, New Jersey, and his defense attorney Joseph J. Benedict.  Because Plaintiff seeks redress from a governmental entity, this Court is statutorily required to review the Complaint, as soon as practicable after docketing, to identify cognizable claims, and to dismiss the complaint, or any portion thereof, if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A.  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint.

## I.  BACKGROUND

The Complaint in this matter seeks damages under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights arising from his conviction in the Superior Court of New Jersey, Law Division, Middlesex County, based on his plea of guilty to second-degree possession of cocaine with intent to distribute within 500 feet of a public park.  See State v. Tanner, 2007 WL 909604 (N.J. Super., App. Div., March 28, 2007), certif. denied, 192 N.J. 478 (2007) (table).  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).

Plaintiff asserts that Mr. Benedict improperly indicated in the statement of facts submitted to the trial judge that Plaintiff was pleading guilty.  Plaintiff further alleges that, although Plaintiff signed a plea agreement form pleading guilty to a third-degree drug crime, Mr. Benedict changed the plea to a second-degree crime.  In addition, Plaintiff maintains that Benedict violated his rights by having Plaintiff sign civil forfeiture papers allowing his vehicle and money to be forfeited.  Plaintiff contends that the Middlesex County court violated his rights by accepting the guilty plea from Mr. Benedict before Plaintiff arrived in court, admitting certain evidence in the suppression hearing, allowing a falsified plea agreement form to be filed, and imposing an illegal sentence.  For relief, Plaintiff seeks release from incarceration and damages.

## II.  LEGAL STANDARD

The Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A.  The Court must sua sponte dismiss any claim if the

2

Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Also, "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  The standard for failure to state a claim, in view of Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), is as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Pinker, 292 F. 3d at 374 n.7.  See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
> *                    *                    *
>
>   The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we

> decline at this point to read <u>Twombly</u> so narrowly as to limit its holding on plausibility to the antitrust context.  Reading <u>Twombly</u> to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean.  "Plausibility" is related to the requirement of a Rule 8 "showing."  In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it."  <u>Twombly</u>, 127 S. Ct. at 1965 n.3.  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u> at 1965.
>
> The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

<u>Phillips v. County of Allegheny</u>, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of the plaintiff, even after <u>Twombly</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  A <u>pro se</u> prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim asserted; the Court need not, however, credit a <u>pro se</u> plaintiff's "legal conclusions."  <u>Morse v. Lower Merion School Dist.</u>, 132 F. 3d 902, 906 (3d Cir. 1997).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  <u>See</u> <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of

the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport
Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over
"Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and
Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also
28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to
seek redress for a violation of his federal civil rights by a person who was acting under color of
state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person
deprived him or caused him to be deprived of a right secured by the Constitution or laws of the
United States, and (2) the deprivation was done under color of state law.  See West v. Atkins,
487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v.
Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff sues Joseph J. Benedict, the attorney who represented Plaintiff in his criminal
proceeding, for providing ineffective assistance of counsel.  But Plaintiff's § 1983 claim against
Benedict fails as a matter of law because Benedict was not acting under color of state law.
"Although a private [person] may cause a deprivation of . . . a right, [he] may be subjected to

5

liability under § 1983 only when [he] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)).  In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant.  See also Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Black v. Bayer, 672 F.2d 309 (3d Cir. 1982) (private attorney representing criminal defendant under court appointment is not acting under color of state law).  Because the acts and omissions complained of in regard to Benedict concern the traditional functions of a criminal defense attorney, this defendant was not acting under color of state law, and the Complaint fails to state a claim under 42 U.S.C. § 1983 against him.

Plaintiff also seeks release from incarceration and damages against the Middlesex County court for admitting certain evidence, accepting a guilty plea, and imposing an illegal sentence. But "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)); see also Azubuko v. Royal, 443 F. 3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts").  And the Superior Court itself is a state government entity that is not subject to suit under § 1983 for alleged violation of Plaintiff's constitutional rights.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

In any event, Plaintiff's claim for release is barred by <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), and his damage claims are barred by the favorable termination rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Preiser</u>, the Court ruled that when a person is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," which requires the exhaustion of state court remedies. <u>Preiser</u>, 411 U.S. at 500.  In <u>Heck</u>, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." [1] <u>Id.</u> at 486-87; <u>see also</u> <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004); <u>Edwards v. Balisok</u>, 520 U.S. 641, 645-47 (1997).  As the Supreme Court explained,

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.

<u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005) (emphasis in original).

---

[1] Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, <u>see</u> 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." <u>Close</u>, 540 U.S. at 751.

Because Plaintiff's allegations in the instant Complaint do not indicate that his conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus, Plaintiff's damage claims, which necessarily imply the invalidity of his drug conviction, are not cognizable under § 1983 at this time, and will be dismissed without prejudice to Plaintiff's bringing a new action (against appropriate defendants) in the event Plaintiff's criminal conviction is invalidated.

### IV.  CONCLUSION

The Court concludes that dismissal of the Complaint is warranted.


  s/Freda L. Wolfson
**FREDA L. WOLFSON**, U.S.D.J.


Dated:   November 19, 2008

8